IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| Anthony Benjamin, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:08cv836 (JCC/TRJ) |
| | ) | |
| Joseph Higgs, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Anthony Benjamin, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that his Eighth Amendment right to be free of cruel and unusual punishment was violated as the result of inadequate medical care at the Rappahannock Regional Jail. Plaintiff also filed a request to proceed in forma pauperis. After review of the amended complaint (Docket # 3),[1] an Order was entered on September 10, 2008, dismissing plaintiff's claim against Superintendent Joseph Higgs for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1).[2] Additionally, plaintiff was directed to particularize and amend his claims against the remaining

---

[1] The first docket entry in this case, which plaintiff denominated a "complaint," actually is a collection of various documents in support of his claims. The "amended complaint" (Docket # 3) in fact is the initial complaint in the case.

[2] Section 1915A provides:

(a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
    (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
    (2) seeks monetary relief from a defendant who is immune from such relief.

defendants and to provide additional information regarding his attempts to exhaust his claims at the administrative level. Plaintiff submitted an "amended prisoner complaint" on September 23, 2008 (Docket #8 ); a separate complaint which was initially filed as an independent action but which now has been consolidated with this case (Docket #21); and what appears to have been intended as an additional amended complaint on October 14, 2008 (Docket #13). Review of these submissions reveals that plaintiff fails to state a claim for which §1983 relief can be granted against any defendant, and the complaint must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.

## I. Background

In his "amended prisoner complaint" (Docket # 8), plaintiff alleges that on about May 12, 2008, Dr. Kitchen prescribed 800 mg. of "Ibuprofur" and 500 mg. of "Eryhmary" because plaintiff's face was swollen due to a tooth extraction. On May 13, 2008, a nurse named Richard "pass[ed]" plaintiff the medication, and the following day plaintiff informed Mrs. Andrew that he was experiencing shortness of breath, vomiting, skin irritation and hives. Pod officer Mrs. Andrews responded, "When I get around to it." Plaintiff continued to experience the same symptoms for four hours, but when he asked Mrs. Andrews if she had called medical for him yet, and she reiterated in an "authoritative challenging and threatening manner," "When I get around to it." That afternoon, plaintiff told Corporal Coleman about his reaction to the medications he had been given, and Coleman advised plaintiff to fill out a medical request form and then called the medical department. Plaintiff continued to have shortness of breath, vomiting, and itchy skin from May 14 until May 16, but on May 16 he was given "Ibuprofur" again without receiving a check-up. Months went by, and on about July 14, 2008, medical sent word that it wanted to see plaintiff, but at that point plaintiff refused medical attention "because it took medical two months to see" him. Plaintiff asserts that

2

"medical did not perform [its] duties to make this matter less stressful" for him, and that his Eighth Amendment right to be free of cruel and unusual punishment consequently was violated.

In his "amended complaint" (Docket # 13), plaintiff adds no significant details concerning his claim of denial of medical care.[3]  However, he adds allegations that kitchen supervisor Mr. McCoy is in "big violation" of inmates' rights as the result of how prison meals are prepared and served. Specifically, plaintiff asserts that food is "burn[ed], half-cooked, over-cooked," and includes noodles and rice that taste like starch. Plaintiff appears to allude to kitchen staff who fail to wear hair

---

[3]Subsequent to this case, plaintiff filed several additional actions pursuant to § 1983 in this court, as follow:

1.  Benjamin v. Bertrand, et al.
    Case No. 1:08cv1003 (JCC/TRJ)
    Consolidated with this case 9/24/08.

2.  Benjamin v. Wallace, et al.
    Case No. 1:08cv1089 (JCC/JFA)
    Denial of free exercise and discrimination against Muslim prisoners.
    Dismissed pursuant to § 1915A(b)(1) 12/16/08.

3.  Benjamin v. Goiner, et al.
    Case No. 1:08cv1176 (JCC/TCB)
    Use of excessive force and racial epithets.
    Dismissed pursuant to § 1915A(b)(1) 11/18/08.

4.  Benjamin v. Franzer, et al.
    Case No. 1:08cv1253 (JCC/JFA)
    Cruel and unusual punishment due to quality of food in
    disciplinary confinement.
    Dismissed pursuant to § 1915A(b)(1) 12/23/08.

5.  Benjamin v. Reid, et al.
    Case No. 1:08cv1340 (JCC/TCB)
    Difficulty in obtaining photocopies.
    Dismissed pursuant to § 1915(g) for failure to pay filing fee.

To the extent that some of plaintiff's allegations in his amendments to the initial complaint in the instant case are repetitive of claims expressed in his other § 1983 lawsuits which have been dismissed, they are not discussed in this Memorandum.

nets when serving food.

In the complaint originally filed as case number 1:08cv1003 (JCC/TCB), which has been consolidated with this case (Docket # 21), plaintiff reiterates the same factual allegations concerning both the denial of medical care and service of substandard food that were made in the amendment discussed immediately above.

## II. Standard of Review

In reviewing a complaint pursuant to § 1915A, a court must dismiss a prisoner complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). Whether a complaint states a claim upon which relief can be granted is determined by the "familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F.Supp. 2d 641, 642 (E.D.Va. 1998). To survive such a motion, a complaint must contain enough allegations of fact "to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007). In evaluating "plausibility," the court may not rely on mere "labels and conclusions" or plaintiff's "formulaic recitation" of the elements of a particular cause of action. Id. at 1965. Instead, the factual allegations must be enough to raise "a right to relief above the speculative level." Id. Where a plaintiff fails to "nudge [] [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." Id. at 1974 (emphasis added).

## III. Analysis

To state a cognizable Eighth Amendment claim for denial of medical care, plaintiff must allege facts sufficient to show that jail officials were deliberately indifferent to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 105 (1976); Staples v. Va. Dep't of Corr., 904 F.Supp. 487, 492 (E.D.Va. 1995). However, to establish that inadequate medical treatment rises to the level of a constitutional violation, a plaintiff "must allege acts or omissions sufficiently harmful to evidence

4

deliberate indifference to serious medical needs." Id. at 105; see also Staples v. Va. Dep't of Corr., 904 F. Supp. 487, 492 (E.D. Va. 1995). Thus, plaintiff must allege two distinct elements to state a claim upon which relief can be granted. First, he must allege a sufficiently serious medical need. See, e.g., Cooper v. Dyke, 814 F.2d 941, 945 (4th Cir. 1987) (determining that intense pain from an untreated bullet wound is sufficiently serious); Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978) (concluding that the "excruciating pain" of an untreated broken arm is sufficiently serious). Second, he must allege deliberate indifference to that serious medical need. Second, he must allege deliberate indifference to that medical need. Under this second prong, an assertion of mere negligence or even malpractice is not enough to state an Eighth Amendment violation; instead, plaintiff must allege deliberate indifference "by either actual intent or reckless disregard." Estelle, 429 U.S. at 106; Daniels v. Williams, 474 U.S. 327, 328 (1986); Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). A prisoner's disagreement with medical personnel over the course of his treatment does not make out a cause of action. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975) (per curiam); Harris v. Murray, 761 F. Supp. 409, 414 (E.D. Va. 1990). Further, "[a] complaint that a physician has been negligent in diagnosing . . . a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 106 (1976). "Deliberate indifference may be demonstrated by either actual intent or reckless disregard." Miltier, 896 F.2d at 851. However, the prisoner must demonstrate that defendants' actions were "[s]o grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Id. (citations omitted).

At this juncture, it is apparent that plaintiff's claim of inadequate medical care fails to meet either of the requirements for an actionable Eighth Amendment violation. First, plaintiff's self-styled "allergic reaction" to the medication he was given, which manifested apparently for three days'

duration as shortness of breath, vomiting and hives, was not a sufficiently serious medical condition to warrant Eighth Amendment protection. Second, even were that not so, plaintiff has failed to allege that the defendants exhibited reckless disregard of his needs. Although it is apparent that plaintiff disagrees with the care he received, in particular the length of time it took the medical department to his requests for attention, he has fallen short of showing that any of the defendants' actions in response to his allergic reaction were "[s]o grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier, 896 F.2d at 851. Accordingly, no claim of an Eighth Amendment violation has been stated, and the amended complaint must be dismissed pursuant to § 1915A(b)(1).

To the extent that plaintiff apparently attempts to add a claim of cruel and unusual punishment due to the food he is served at the Rappahannock Regional Jail, his complaint also is subject to dismissal for failure to state a claim.[4] To establish a claim of cruel and unusual punishment, plaintiff must allege and prove (1) an objectively serious deprivation of a basic human need, one causing serious physical or emotional injury and (2) that prison officials acted with deliberate indifference to his needs. Farmer v. Brennan, 511 U.S. 825, 834 (1994); see Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (defining serious deprivation as evidence of a serious medical and emotional deterioration attributable to the challenged condition). As to the first prong, the Supreme Court has stated that "[t]he Constitution, 'does not mandate comfortable prisons,' and only those deprivations denying 'the minimal civilized measure of life's necessities,' are sufficiently grave to form the basis of an Eighth Amendment violation." Wilson v. Seiter, 501 U.S. 294, 298

---

[4]These allegations do not appear to be duplicative of plaintiff's claims in Benjamin v. Franzer, case number 1:08cv1253 (JCC/JFA). In that case, plaintiff based his claim of cruel and unusual punishment on the "nutritious loaf" he was served while in disciplinary confinement, while his complaints here center on the preparation and quality of the food received by the general population at the Jail.

(1991) (citing <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347, 349 (1981)).  Thus, the deprivation must result in a serious injury to the prisoner.  <u>Strickler</u>, 989 F.2d at 1381 ("If a prisoner has not suffered serious or significant physical or mental injury as a result of the challenged condition, he simply has not been subjected to cruel and unusual punishment within the meaning of the [Eighth] Amendment.").

Under the Eighth Amendment, a prisoner has the right to "be provided nutritionally adequate food, 'prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it.'" <u>Shrader v. White</u>, 761 F.2d 975, 986 (4th Cir.1985) (citations omitted); <u>see</u> <u>Bolding v. Holshouser</u>, 575 F.2d 461, 465 (4th Cir. 1978), <u>cert. denied</u>, 439 U.S. 837, (1978) (concluding inmate's allegation of failure to provide adequate sanitary food service facilities can state a cognizable claim).  Although the Eighth Amendment requires prisons to provide inmates with wholesome and nutritious meals, an inmate must allege a serious injury arising from the provision of inadequate food to state an Eighth Amendment violation.  <u>See</u> <u>Wilson v. Seiter</u>, 501 U.S. 294, 298 (1991); <u>White v. Gregory</u>, 1 F.3d 267, 268 (4th Cir. 1993), <u>cert. denied</u>, 510 U.S. 1096 (1994) (concluding that plaintiff failed to state a claim because he failed to allege "serious or significant physical or mental injury" from being served only two meals a day on holidays and weekends); <u>Lunsford v. Reynolds</u>, 376 F. Supp. 526 (W.D. Va. 1974) (determining that a claim of occasional incidents of foreign objects in food does not state Eighth Amendment claim).  Here, plaintiff makes no allegation in his amended complaint that he suffered any injury whatever as the result of the meals he has received in prison.  Therefore, plaintiff's contentions that the jail's food is not cooked properly and that starchy side dishes taste like starch state no claim remediable in a § 1983 action, and his claim will be dismissed  pursuant to § 1915A(b)(1).

Lastly, it is noted that even had plaintiff's allegations risen to the level of constitutional

deprivations, his amended complaint still would be subject to dismissal pursuant to 42 U.S.C. § 1997e(a) for his failure to exhaust either of his claims through the administrative grievance process. <u>Woodford v. Ngo</u>, 126 S. Ct. 2378, 2387 (2006) (requiring complete exhaustion of correctional facility administrative remedies). In the Order of September 10, 2008, it was noted that plaintiff stated that he filed two grievance forms, but he did not appeal their denials "because jail regulations do not allow" him to do so. (Compl. §3) Plaintiff was directed to provide additional information regarding his efforts to exhaust his claim, but in the amended complaint he again notes without explanation that his grievances were returned to him without adjudication. Therefore, even had this complaint otherwise stated a cause of action, it appears that it would be subject to dismissal for plaintiff's failure to exhaust available administrative remedies.

For the foregoing reasons, this complaint will be dismissed for failure to state a claim pursuant to § 1915A(b)(1). An appropriate Order shall issue.

Entered this __25__ day of ____February____ 2009.

Alexandria, Virginia

_____/s/_____
James C. Cacheris
United States District Judge

8